UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

THE PHOENIX INSURANCE COMPANY a/s/o
134-136 Wooster Commercial LLC and Premier
51 Green Realty, LLC and other interested
insureds under the policy of insurance,

THE PHOENIX INSURANCE COMPANY a/s/o
134-136 Wooster Commercial LLC and Premier
53 Green Realty, LLC and other interested
insureds under the policy of insurance,

THE AUTOMBILE INSURANCE COMPANY OF
HARTFORD, CONNECTICUT a/s/o Jane Hope and
Paul Lavoie and other interested insureds under
the policy of insurance,

TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA a/s/o St. Regis Properties, LLC and
Empsrgggreen LLC and other interested insureds
under the policy of insurance,

TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA a/s/o Frame La Brands, LLC and
Denim Lab LLC and other interested insured
under the policies of insurance,

                              Plaintiffs,

      --against--

ANDREW FABBRI, JESSICA COHEN and
JESSICA ALANA

                               Defendants.
_____X

17 Civ. 8749

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that defendants Andrew Fabbri and Jessica Cohen ("Defendants"), by and through their attorneys, hereby remove this action *The Phoenix Insurance Company et al. v. Andrew Fabbri et al.*, Index No. 158775/2017 (New York County) pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New

1

York. In support of this Notice of Removal, Defendants state the following:

1. Plaintiffs are three insurance companies: (1) The Phoenix Insurance Company, (2) The Automobile Insurance Company of Hartford, Connecticut, and (3) Travelers Property Casualty Company of America. These insurance companies are citizens of the state of Connecticut.

2. Plaintiffs have sued Defendants Andrew Fabbri and Jessica Cohen, who are alleged to have leased or resided at 51 Greene Street, New York, NY 10013, in the 6th floor penthouse condominium from Brian Bomeisler. Andrew Fabbri and Jessica Cohen are citizens of the state of New York.

3. Plaintiffs have also sued "Jessica Alana" but this is a fictitious name used by Jessica Cohen on her social media.

4. A true and correct copy of the Summons and Complaint for *The Phoenix Insurance Company et al. v. Andrew Fabbri et al.*, Index No. 158775/2017 (New York County), which constitutes all pleadings in this action, is attached as Exhibit 1.

5. Plaintiffs allege that "on September 13, 2016, a fire occurred due to the defendants' careless smoking on their rooftop terrace."

6. Plaintiffs allege that the damage was caused to the 6th floor penthouse, other apartment units in the same building, the penthouse unit located next door at 47-49 Greene Street, property at 53 Green Street and other properties.

7. Plaintiffs allege that they insured these properties.

8. The Phoenix Insurance Company allegedly insured 134-136 Wooster Commercial LLC and Premier 51 Green Realty, LLC, and 53 Green Realty, LLC.

9. The Automobile Insurance Company of Hartford, Connecticut allegedly insured Jane Hope and Paul Lavoie.

10. The Travelers Property Casualty Company of America allegedly insured St. Regis Properties, LLC, Emprsgggreen LLC, Frame La Brands, LLC and Denim Lab LLC.

11. Plaintiffs allege that they are legally and equitably subrogated to their respective insureds' claim for negligence against Defendants.

12. Subrogation is a right that enables one who is secondarily liable for a debt and who pays it to succeed to the rights, if any, that the creditors hold against the debtor. The subrogee, the person who pays the debt, stands in the shoes of the subrogor, the person who received the payment, to seek recovery from the person who allegedly has primary legal responsibility for the loss. *See generally* R. H. Jerry, II & D. S. Richmond, UNDERSTANDING INSURANCE LAW § 96 at 649 (5th ed. 2012).

13. Plaintiffs allege that pursuant to the terms of the insurance policies they have paid in excess of one million one hundred thirteen thousand dollars ($1,113,000.000) to their insured, which they know seek to recover from Defendants.

14. On October 2, 2017, Plaintiffs commenced an action in the Supreme Court of the State of New York, New York County entitled *The Phoenix Insurance Company et al. v. Andrew Fabbri et al.*, Index No. 158775/2017 (New York County).

15. While on or about October 17, 2017, Plaintiffs served the complaint on Andrew Fabbri and Jessica Cohen, Plaintiffs have not yet filed an affidavit of service in state court that avers that the complaint was served.

16. Defendants believe that Plaintiffs' claim is without merit.

17. Defendants have not made any filings in the state court action.

18. This Notice of Removal is being filed in the United States District Court for the Southern District of New York, the district in which the case is pending.

19. This Notice of Removal is being filed within thirty days of defendants' alleged receipt of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

20. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

21. Plaintiffs are citizens of Connecticut.

22. Defendants are citizens of New York.

23. The Supreme Court and the Second Circuit Court of Appeals have held that the insurer/subrogee is the real party in interest when there has been a complete subrogation of the insured's rights to the insurer. The Supreme Court so stated in *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366 (1949). *See also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80-81 (2d Cir. 2005) (discussing diversity in the context of subrogation claims); *Brocklesby Transport v. Eastern States Escort Services*, 904 F.2d 131, 133 (2d Cir. 1990) ("Under federal law, if an insurer has compensated an insured for an entire loss, the insurer is the only real party-in-interest and must sue in its own name; however, if the insured is only partially compensated by the insurer, both the insurer and the insured are real parties-in-interest.").

24. Because Plaintiffs are Connecticut citizens and defendants are citizens of the State of New York, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

25. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

26. Plaintiff demands judgment in the amount of $1,113,000.000 together with any policy deductibles, interests, costs, interest, and attorney's fees.

## CONCLUSION

27. Complete diversity exists between Plaintiffs, citizens of Connecticut, and defendants, citizens of New York, and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

28. Defendants will provide plaintiff with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, where the Complaint was originally filed.

**WHEREFORE**, Defendants request that this action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: November 9, 2017
New York, New York

Respectfully submitted,

/s/ *David Kasell*
David M. Kasell (DK-7753) 1038
Kasell Law Firm
Jackson Avenue, #4 Long Island
City, NY 11101
(718) 404-6668

                                                  Brian Lehman
                                                  Lehman LG LLC
                                                  244 5th Ave., Suite B258
                                                  New York, NY 10001
                                                  *pro hac vice* motion to be filed
                                                  *Attorneys for Defndants*

TO:

Robert C. Sheps, Esq.
Sheps Law Group, P.C.
Attorneys for Plaintiff
25 High Street
Huntington, New York 11743

*Attorney for Plaintiffs*
Sheps File No. 8033