January 10, 2018

Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:     *The Phoenix Insurance Company et al. v. Andrew Fabbri and Jessica Cohen*,
          **No. 17 Civ. 8749 (AT) – Pre-Motion to Dismiss Letter**

Judge Torres:

I am counsel for the defendants, Andrew Fabbri and Jessica Cohen, in the above-captioned case. I write pursuant to Part III.A of the Individual Rules as the parties have exchanged letters pursuant to Part III.B. In addition, an initial conference is currently scheduled for January 17, 2018.

### BACKGROUND

In September 2016, a fire started at 51 Green Street, a six-story historic building in the SoHo District of New York. The fire spread to the buildings on the left and right of 51 Greene Street eventually causing millions of dollars in property damage. Plaintiffs are three Connecticut companies that insured some of the properties damaged by the fire.

On October 2, 2017, the insurance companies sued three people in state court for negligence: (1) Andrew Fabbri, (2) Jessica Cohen and (3) Jessica Alana. Two of these defendants, Fabbri and Cohen, removed the action to this court on the basis of diversity jurisdiction because they are citizens of New York (Dkt. No. 1). Fabbri and Cohen also asserted in the petition for removal that the name of the third person was erroneous as "Jessica Alana" is a fictitious name used by Jessica Cohen on her social media.

On December 1, 2017, the insurances companies filed an amended complaint only naming Fabbri and Cohen as defendants (Dkt. No. 14). The third person accused of negligence in the state court action is no longer named – not even as a "Jane Doe."

The parties subsequently exchanged letters pursuant to Part III.B. of the Court's Individual Rules. Fabbri and Cohen now submit that they should be allowed to file a motion to dismiss the complaint against them.

### DEFENDANTS' PROPOSED MOTION TO DISMISS

Under the Supreme Court's decisions in *Iqbal* and *Twombly*, plaintiffs must plead facts that give rise to a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). As the Court held in *Iqbal*, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. While plaintiffs are not required to provide "detailed factual allegations" in the complaint, plaintiffs must assert "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Amended Complaint relies upon labels and conclusory allegations; it does not plead factual allegations that make it plausible that the two individual defendants negligently started two fires. Under the title of "The Loss" in paragraph 18 of the Amended Complaint, the insurance companies allege that:

> After engaging in smoking activity, Defendant ANDREW FABBRI failed to properly discard and extinguish the item(s) he was smoking on the rooftop terrace space associated with the Condo.

Am. Compl. ¶18. Paragraph 24, which falls under Plaintiffs' negligence claim, merely outlines nine different ways in which Fabbri and Cohen may have been negligent including the catch-all statement of "otherwise failing to use due care and proper skill under the circumstances." Am. Compl. ¶24.

The Second Circuit has made it clear that a complaint is not properly pled with "meager, vague, or conclusory" allegations. *Dejesus v. HF Mgmt. Serv., LLC*, 726 F. 3d 85, 89-90 (2d Cir. 2013) (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012) (Boudin, J.)). Indeed, as Judge Boudin remarked in *Pruell*, the case relied upon by the Second Circuit, the "general allegations found inadequate in *Iqbal* were themselves 'factual' assertions but highly general and made without offering any detail" and, therefore, not properly pled. 678 F.3d at 13. Plaintiff's amended complaint does not remove the possibility of relief from the realm of mere conjecture.

The allegations against Cohen are even more tenuous because the insurance companies assert them on "information and belief." Am. Compl. ¶¶ 17, 19. For instance, paragraph 19 alleges: "Upon information and belief, after engaging in smoking activity, Defendant JESSICA COHEN failed to properly discard and extinguish the item(s) she was smoking . . . ." *Id.* ¶19.

In *Twombly*, the Supreme Court rejected pleading by stating a conclusion on "information and belief." 550 U.S. 550-51. There, the complaint alleged an agreement that violated federal antitrust law based upon "information and belief" because plaintiffs did not have any proof yet. *See id.* This did not satisfy the Federal Rules. *See id.*; *see also* REPORT OF THE NEW YORK STATE BAR ASSOCIATION'S SPECIAL COMMITTEE ON STANDARDS FOR PLEADING IN FEDERAL LITIGATION at 21 n.99 (2010).

In fact, "information and belief" is not mentioned in the Federal Rules of Civil Procedure. At least one court has repeatedly held that "information and belief" "is not a recognized pleading

device." *Delphix Corp. v. Actifo Inc.*, No. 13 Civ. 4613, at *2 (N.D. Cal. Mar. 19, 2014) (Seeborg, J.). Moreover, "in some circumstances it gives rise to an inference that the pleader lacks knowledge of underlying facts to support the allegations made, and is instead engaging in speculation to an undue degree." *Id.*; *see also* Frederick A. Brodie, *Challenging Your Beliefs About "Information and Belief,"* 21 WESTLAW J. INTELL. PROP. (Aug. 20, 2014).

## CONCLUSION

"The motion to dismiss mechanism exists to prevent plaintiffs from conducting fishing expeditions to see if they can cobble together meritorious claims." *Utts v. Bristol-Myers Squibb Co. & Pfizer Inc.*, No. 16 Civ. 5668 (DLC), 2017 WL 1906875 (S.D.N.Y. May 8, 2017) (granting a motion to dismiss, *inter alia*, negligence claims). "Discovery is burdensome and expensive, and the Federal Rules of Civil Procedure do not provide for it unless the pleading can survive a Rule 12(b)(6) motion." *Id.*

So as to avoid motion practice, Defendants consent to a second amended complaint pursuant to Rule 15(a)(2), which hopefully demonstrates that Plaintiffs are not conducting a fishing expedition in an attempt to recovery monies for properties insured by them through burdensome and expensive litigation. However, if Plaintiffs decide to rest on their amended complaint, Defendants respectfully request permission to file a motion to dismiss pursuant to Rule 12(b)(6).

Sincerely,

/s/ *Brian Lehman*

Brian Lehmn
Lehman LG LLC
244 5th Ave., B258
New York, NY 10001
*Counsel for Defendants*