UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

THE PHOENIX INSURANCE COMPANY a/s/o
134-136 Wooster Commercial LLC and Premier
51 Greene Realty, LLC and other interested
insureds under the policy of insurance,
THE PHOENIX INSURANCE COMPANY a/s/o
134-136 Wooster Commercial LLC and 53 Greene
St Retail, LLC and other interested insureds under
the policy of insurance,
THE AUTOMOBILE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT a/s/o Jane Hope
and Paul Lavoie and other interested insureds under
the policy of insurance,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA a/s/o St.Regis
Properties, LLC and EMPSRGGGREEN LLC and
other interested insureds under the policy of
insurance,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA a/s/o Frame La Brands,
LLC and Denim Lab LLC and other interested
insureds under the policies of insurance,

DOCKET NO.: 17-cv-8749 (AT)

**SECOND AMENDED
COMPLAINT**

Plaintiffs,

-against-

ANDREW FABBRI and JESSICA COHEN,

Defendants.
---------------------------------------------------------------X

**To the above-named Defendant(s):**

Plaintiffs, THE PHOENIX INSURANCE COMPANY a/s/o 134-136 Wooster Commercial LLC and Premier 51 Greene Realty, LLC and other interested insureds under the policy of insurance, THE PHOENIX INSURANCE COMPANY a/s/o 134-136 Wooster Commercial LLC and 53 Greene St Retail, LLC and other interested insureds under the policy of insurance, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD,

CONNECTICUT a/s/o Jane Hope and Paul Lavoie and other interested insureds under the policy of insurance, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o St Regis Properties LLC and Empsrgggreen LLC and other interested insureds under the policy of insurance, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o Frame La Brands, LLC and Denim lab LLC and other interested insureds under the relevant policies of insurance by its attorneys, SHEPS LAW GROUP, P.C., as and for their Complaint against defendants, ANDREW FABBRI and JESSICA COHEN alleges as follows:

### Nature of This Action

1. This is a subrogation action by various first party property insurers, Plaintiffs THE PHOENIX INSURANCE COMPANY a/s/o 134-136 Wooster Commercial LLC and Premier 51 Greene Realty, LLC and other interested insureds under the policy of insurance, THE PHOENIX INSURANCE COMPANY a/s/o 134-136 Wooster Commercial LLC and 53 Greene St Retail, LLC and other interested insureds under the policy of insurance, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT a/s/o Jane Hope and Paul Lavoie and other interested insureds under the policy of insurance, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o St. Regis Properties, LLC and Empsrgggreen LLC and other interested insureds under the policy of insurance, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o Frame La Brands, LLC and Denim Lab LLC and other interested insureds under the relevant policies of insurance (hereinafter referred to as "The First Party Property Insurers").

2. Pursuant to the applicable policies and relevant law, Plaintiffs The First Party Property Insurers, paid for the damages incurred by their insureds in excess of ONE

MILLION ONE HUNDRED THIRTEEN THOUSAND DOLLARS ($1,113,000.00) in connection with property damages resulting from a fire sustained by The First Party Property Insurers respective insureds' properties located at three buildings 47-49, 51 and 53 Greene Street, New York, NY 10013 (hereinafter "subject premises").

3. This action is brought against the parties responsible for the abovementioned loss and the resulting damages sustained by Plaintiffs' insureds and the related payments by The First Party Property Insurers.

## The Jurisdiction & Venue

4. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C.A. §1332 and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is properly laid pursuant to 23 U.S.C.A. § 1391 in this judicial district based on the place of occurrence.

## The Parties

5. At all relevant times herein, Plaintiff THE PHOENIX INSURANCE COMPANY was a foreign corporation organized under the laws of the State of Connecticut with its principle place of business at One Hartford Square, Hartford Square, Hartford, Connecticut and was at all times hereinafter licensed to issue policies of insurance in the state of New York.

6. At all times pertinent hereto, Plaintiff THE PHOENIX INSURANCE COMPANY provided property insurance coverage to its insureds, 134-136 Wooster Commercial LLC and Premier 51 Greene Realty, LLC and other interested insureds under policies of insurance for the real and personal property located at 51 Greene Street, New York, NY.

3

7. At all times pertinent hereto, Plaintiff THE PHOENIX INSURANCE COMPANY provided property insurance coverage to its insureds, 134-136 Wooster Commercial LLC and 53 Greene St Retail, LLC and other interested insureds for real and personal property located at 53 Greene Street, New York, NY.

8. At all times pertinent hereto, Plaintiff AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT was and still is an insurance company authorized to do business in the State of New York, and is a foreign corporation, duly organized and by the virtue of the laws of the State of Connecticut, duly authorized to conduct business in the State of New York, and having a principal place of business located at One Tower Square, Hartford, Connecticut 06183 and was at all times relevant and still is licensed to issue policies of insurance in the state of New York.

9. At all times pertinent hereto, Plaintiff AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT provided property insurance to its insureds Jane Hope and Paul Lavoie and other interested insureds for real and personal property located at 51 Greene Street, New York, NY.

10. At all relevant times herein, Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY was a foreign corporation organized under the laws of the State of Connecticut with its principle place of business at One Hartford Square, Hartford Square, Hartford, Connecticut and was at all times relevant and still is licensed to issue policies of insurance in the state of New York.

11. At all times pertinent hereto, Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY provided property insurance to its insureds St. Regis Properties,

LLC and Empsrgggreen LLC and other interested insureds for real and personal property located at 47 - 49 Greene Street, New York, NY.

12. At all times pertinent hereto, Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY provided property insurance to its insured Frame La Brands, LLC and Denim Lab LLC for real property located at 51 Greene Street, New York, NY.

13. Defendant ANDREW FABBRI leased and/or occupied the 6th floor condominium unit located at 51 Greene Street, New York, NY 10013 (the "Condo") for a one year lease from owner Brian Bomeisler for the period including September 13, 2016.

14. Defendant JESSICA COHEN leased and/or occupied the Condo with Andrew Fabbri for the period including September 13, 2016.

### The Loss

15. On September 13, 2016, the defendants JESSICA COHEN and ANDREW FABBRI, along with their dog, are depicted on surveillance video entering the rooftop terrace associated with the Condo at 6:17 p.m..

16. While on the rooftop terrace space associated with the Condo, on the evening of September 13, 2016, Defendant ANDREW FABBRI engaged in smoking activity.

17. While on the rooftop terrace space associated with the Condo, on the evening of September 13, 2016, Defendant JESSICA COHEN engaged in smoking activity.

18. After engaging in smoking activity, Defendant ANDREW FABBRI failed to extinguish the item(s) he was smoking prior to discarding it so as to avoid the risk of fire.

19. After engaging in smoking activity, Defendant JESSICA COHEN failed to extinguish the item(s) she was smoking prior to discarding it so as to avoid the risk of fire.

20. The defendants are depicted on to the surveillance video exiting the rooftop terrace at approximately 6:34 p.m.

21. Pursuant to the surveillance video, at 7:15 p.m. smoke and fire are visible on the roof-top deck in the location where the Defendants had been engaged in smoking activity.

22. The Fire Department of the City of New York responded to the aforementioned fire at 7:46 p.m. by which time the fire had grown substantially and spread to adjoining properties.

23. After the fire was extinguished, the cause of the fire was investigated by the New York City Fire Marshal's Office where investigators Robert Cataletto and Vincent Polanco determined that the fire originated on the roof-top of 51 Greene Street, New York, New York due to "careless discard of smoking materials".

24. As a direct result of Defendants' careless discard of smoking materials on the rooftop terrace associated with the Condo, on the evening of September 13, 2016, the fire occurred resulting in damages to Plaintiffs.

25. The fire spread through-out causing fire, water and smoke damage to portions of the 6th floor penthouse unit along with damage to other apartment units and the penthouse unit located at 53 Greene Street. The fire spread to adjacent buildings and properties owned and occupied by the named Plaintiffs' respective insureds.

26. Defendants had a duty to take precautions to prevent damage to Plaintiffs' insureds' property and to generally act and behave as a reasonably prudent person and exercise reasonable care with regard to Plaintiffs' insureds' property.

27. Defendants breached their duty to Plaintiffs' insureds by their careless discard of smoking materials on the rooftop terrace associated with the Condo, on the evening of September 13, 2016, which resulted in the fire causing Plaintiffs' damages.

28. Pursuant to the terms of the insurance policies, the plaintiffs paid its insureds in excess of ONE MILLION ONE HUNDRED THIRTEEN THOUSAND DOLLARS ($1,113,000.00), and are thereby legally and equitably subrogated to their respective insureds' claim.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS

## -NEGLIGENCE-

29. Plaintiffs fully incorporate by reference the averments contained in paragraph "1" through "28" inclusive.

30. The occurrence referred to in paragraph "24" and the consequential damage to Plaintiffs' insureds' property was proximately caused by the negligence, negligent per se, gross negligence, carelessness, and negligent omissions of Defendants their agents, representatives and/or employees in:

(a) failing to properly safeguard the premises from the risks of fire due to careless smoking;
(b) failing to recognize the obvious hazard presented by the careless use and improper disposal of smoking and combustible material that was present directly before the ignition of the fire;
(c) failing to properly discard and ensure all burning materials, including cigarettes, cigars or other smoking paraphernalia were properly extinguished;
(d) failing to recognize the dangers associated with the burning of unattended cigarettes, cigars or other smoking paraphernalia within the premises;
(e) failing to conduct a proper inspection to detect dangers associated with the unsafe use of smoking materials which Defendants knew, or should have known, created an unreasonable risk of fire;

(f) in permitting and allowing a dangerous situation to exist by the use of smoking materials near combustibles in the aforementioned premises;

(g) failing to take into account potential dangerous conditions and risks when smoking materials were discarded improperly on the rooftop;

(h) in failing to do those things necessary to preserve and protect Plaintiff's insured's property;

(i) in otherwise failing to use due care and proper skill under the circumstances.

31. As a direct and proximate result of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of Defendants, their agents, representatives and/or employees, the occurrence referred to in paragraph "24" took place resulting in a fire and destruction to Plaintiffs' insureds' property and loss to the Plaintiffs in the amount in excess of ONE MILLION ONE HUNDRED THIRTEEN THOUSAND DOLLARS ($1,113,000.00), which was reimbursed to their insureds.

**WHEREFORE**, Plaintiffs THE PHOENIX INSURANCE COMPANY a/s/o 134-136 Wooster Commercial LLC and Premier 51 Greene Realty, LLC and other interested insureds under the policy of insurance, THE PHOENIX INSURANCE COMPANY a/s/o 134-136 Wooster Commercial LLC and 53 Green St Retail, LLC and other interested insureds under the policy of insurance, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT a/s/o Jane Hope and Paul Lavoie and other interested insureds under the policy of insurance, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o St Regis Properties LLC and Empsrgggreen LLC and other interested insureds under the policy of insurance, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o Frame La Brands, LLC AND Denim Lab LLC and other interested insureds under the policy of insurance demand judgment in their favor and against

the defendants in the amount in excess of ONE MILLION ONE HUNDRED THIRTEEN THOUSAND DOLLARS ($1,113,000.00) the aggregate amount of plaintiffs' claims together with any policy deductibles, interest, costs, and attorney's fees.

Dated: Huntington, New York
      January 25, 2017

Yours etc.,

By: Robert C. Sheps, Esq.
SHEPS LAW GROUP, P.C.
*Attorneys for Plaintiffs*
25 High Street
Huntington, New York 11743
(631) 249-5600
Sheps File No.: 8033